UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Gregory Green, | Civil Action No.: 4:18-cv-03289-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Alan Wilson, *Attorney General of South Carolina*, | |
| Defendant. | |

This matter is before the Court for consideration of Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Paige J. Gossett, who recommends summarily dismissing Plaintiff's pro se complaint with prejudice.[1] *See* ECF Nos. 8 & 10.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and she reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff, a state prisoner proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 against the Attorney General of South Carolina alleging South Carolina Appellate Court Rule 243 is unconstitutional. *See* ECF No. 1. Specifically, Plaintiff contends the *intermediate* state appellate court—the South Carolina Court of Appeals—was not "obligated " to hear his post-conviction relief ("PCR") appeal but should have been. *Id.* at pp. 5–7. The Magistrate Judge recommends summarily dismissing Plaintiff's complaint with prejudice. *See* R & R at pp. 1, 4. Plaintiff has filed objections to the R & R. *See* ECF No. 10.

"Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." *Dist. Att'y's Office for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 69 (2009); *see also LaMar v. Ebert*, No. 18-6417, 2018 WL 6266759, at *4 (4th Cir. 2018) (articulating the *Osborne* standard in a § 1983 action ).[3] The South

---

[2] The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3] Plaintiff has previously filed a habeas petition pursuant to 28 U.S.C. § 2254, which the Court considered on the merits and dismissed with prejudice. *See Green v. Beckwith*, No. 0:17-cv-02784-RBH, 2018 WL 6829011 (D.S.C. Dec. 28, 2018). However, he has filed the instant action pursuant to 42 U.S.C. § 1983, and therefore this

2

Carolina Uniform Post-Conviction Relief Act provides that a final judgment in a PCR action "may be reviewed by a writ of certiorari as provided by the South Carolina Appellate Court Rules." S.C. Code Ann. § 17–27–100. South Carolina Appellate Court Rule 243—the rule challenged by Plaintiff—provides that "[a] final decision entered under the Post-Conviction Relief Act shall be reviewed *by the Supreme Court* upon petition of either party for a writ of certiorari, according to the procedure set forth in this Rule." Rule 243(a), SCACR (emphasis added). However, Rule 243 provides that "[t]he Supreme Court *may* transfer a case filed under this rule to the Court of Appeals," and if the case is in fact transferred to and decided by the S.C. Court of Appeals, the Supreme Court can review that decision. Rule 243(l), SCACR (emphasis added); *see, e.g.*, *Buckson v. State*, 815 S.E.2d 436, 438 (S.C. 2018). However, Rule 243 makes clear that PCR appeals go directly to the S.C. Supreme Court, not the S.C. Court of Appeals (which will decide a PCR appeal only if it is transferred there).

As the Magistrate Judge correctly observes, Plaintiff has not provided any authority supporting his contention that an intermediate state appellate court (like the S.C. Court of Appeals) must hear a PCR appeal before a superior state appellate court does.[4] Moreover, he has not shown Rule 243 is

---

case does not appear to be a successive § 2254 petition in light of *Osborne*, wherein the Supreme Court "assume[d] without deciding," 557 U.S. at 67, that the plaintiff could challenge Alaska's PCR procedures via § 1983. *See* 557 U.S. at 66–67 ("While Osborne's claim falls within the literal terms of § 1983, we have also recognized that § 1983 must be read in harmony with the habeas statute. . . . While we granted certiorari on this question, our resolution of Osborne's claims does not require us to resolve this difficult issue."). Accordingly, the Court will assume *without deciding* that Plaintiff can bring a similar challenge here without violating the bar against successive petitions.

[4] Notably, in Plaintiff's PCR appeal, the S.C. Supreme Court did in fact transfer the appeal to the S.C. Court of Appeals; and the S.C. Court of Appeals issued the order denying certiorari to review the PCR court's decision. Thus, it is unclear why Plaintiff even alleges "there w[as] no intermediate court mandated to address his assignments of error." ECF No. 1 (Complaint) at p. 7. *See Green v. State*, No. 2016-000658, Order dated Mar. 2, 2017, *available at* https://ctrack.sccourts.org/public/ (South Carolina Appellate Case Management System). *See generally Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue[.]"). Finally, the Court takes judicial notice of the filings in Plaintiff's prior § 2254 action, including the aforementioned order by the S.C. Court of Appeals. *See Green v. Beckwith*, No. 0:17-cv-02784-RBH, at ECF No. 24-9 (D.S.C.).

"fundamentally inadequate to vindicate the substantive rights provided." *Osborne*, 557 U.S. at 69. Plaintiff has failed to state a plausible claim for relief, and therefore the Court will dismiss this case with prejudice.[5]

## **Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R [ECF No. 8] and **DISMISSES** this action *with prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina
February 4, 2019

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[5] The Court agrees with the Magistrate Judge that Plaintiff cannot cure the defects in his complaint by mere amendment. *See* R & R at p. 4 n.2 (citing *McLean v. United States*, 566 F.3d 391, 400–01 (4th Cir. 2009)); *see generally Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015). Accordingly, the Court is dismissing this action with prejudice.